FILED

2012 JUL 11 PM 2:01

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TELMORE BARRINGTON DIXON,

v.  Case Nos.  3:10-cv-582-J-20JRK
              3:08-cr-5-J-20MCR

UNITED STATES OF AMERICA
_____/

## ORDER

This matter is before this Court on Petitioner's "Motion for Sentence Reduction" (Dkt. 87, Case No. 3:08-cr-5-J-20JRK).

On May 27, 2008, pursuant to a written plea agreement, Petitioner entered a plea of guilty to a two count Indictment. The Indictment charged Petitioner with attempting to possess, with the intent to distribute, 500 grams or more of cocaine, and possession of a firearm in furtherance of a drug trafficking crime. (Dkt. 31, Case No. 3:08-cr-5-J-20JRK). On February 24, 2009, Petitioner was sentenced to a total of 120 consecutive months of imprisonment on both counts. (Dkt. 60, Case No. 3:08-cr-5-J-20JRK). On February 25, 2010, following a defense brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967) and an independent review of the entire record, the Eleventh Circuit granted counsel's motion to withdraw and affirmed Petitioner's conviction. (Dkt. 79, Case No. 3:08-cr-5-J-20JRK).

On July 6, 2010, Petitioner filed a "Motion to Vacate, Set Aside or Correct Sentence and Conviction Under 28 USC 2255" (Dkt. 80). That motion was denied on March 18, 2011. (Dkt. 86). On February 8, 2011, Petitioner filed a "Motion for Reduction of Sentence under FAIR Sentencing - 2010 ACT" (Dkt. 83). On February 14, 2011, that motion was denied. (Dkt. 84).

On June 18, 2012, Petitioner filed the instant "Motion for Sentence Reduction." In this motion, however, Petitioner seeks to challenge the validity of his sentence, not to obtain a sentence reduction. Therefore, regardless of the label placed by Petitioner on his Motion, it must be construed as a Motion to Vacate, Set Aside, or Correct a Sentence under 28 U.S.C. § 2255 due to the challenge of the merits and validity of his criminal sentence and the type of relief Petitioner has requested. *United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997). This Motion is, therefore, a second motion pursuant to 28 U.S.C. § 2255. Because the instant motion is successive and Petitioner has failed to seek permission from the Court of Appeals to file this motion, this Court has no jurisdiction to consider the Motion. *See* Antiterrorism and Effective Death Penalty Act of 1996, Section 106(b)(3)(A) (before a second or successive habeas corpus application is filed in this Court, Petitioner shall move in the United States Court of Appeals for the Eleventh Circuit for an order authorizing the district court to consider the application).

Accordingly, it is **ORDERED**:

Petitioner's "Motion for Sentence Reduction" (Dkt. 87, Case No. 3:08-cr-5-J-20JRK) is **DENIED**.

**DONE AND ENTERED** at Jacksonville, Florida, this \_\_\_\_\_ day of July, 2011.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
Telmore Barrington Dixon, *Pro Se*
Patricia D. Barksdale, Esq.